## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| MEIJER, INC., | : | |
| | : | Case No. 1:21-cv-453 |
| Plaintiff, | : | |
| | : | Judge: |
| v. | : | |
| | : | |
| UNITED STATES FIDELITY & | : | |
| GUARANTY COMPANY, NATIONAL | : | |
| UNION FIRE INSURANCE | : | |
| COMPANY OF PITTSBURGH, PA., | : | |
| FEDERAL INSURANCE COMPANY, | : | |
| THE OHIO CASUALTY INSURANCE | : | |
| COMPANY, AMERICAN | : | |
| GUARANTEE & LIABILITY | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant United States Fidelity & Guaranty Company ("USF&G") hereby removes to this Court the state court action described below pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

1.      On June 7, 2021, plaintiff Meijer, Inc. ("Meijer") filed in the Court of Common Pleas, Montgomery County, Ohio, a complaint for declaratory judgment, *Meijer, Inc. v. United States Fidelity & Guaranty Co.*, Case No. 2021-cv-02276 (the "Complaint" or "Compl."). Ex. 1. The Complaint seeks insurance coverage from USF&G and the other defendants (collectively, "Defendants") for defense costs and any liability incurred in connection with certain litigation seeking to hold Meijer liable for the opioid crisis (the "Underlying Suits"). Compl. ¶¶ 3-8.

2.      Meijer served USF&G with summons and Complaint on June 10, 2021.

## I.  JURISDICTION IS BASED ON DIVERSITY OF CITIZENSHIP, 28 U.S.C. §§ 1332, 1441(A), 2201

3.      Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

4.      Section 2201(a) provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).

5.      This Court has original jurisdiction over this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1446.

6.      Venue in this Court is proper under 28 U.S.C. § 1441(a) and Local Rule 82.1 because this action is being removed from the state court in which it was originally filed, the Court of Common Pleas, Montgomery County, Ohio, to the district court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).

### A.      Plaintiffs And Defendants Are Completely Diverse

7.      A party removing based on diversity jurisdiction must demonstrate that complete diversity exists.  *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) ("Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state.").  Corporations are citizens in the states of their incorporation and their principal places of business.  28 U.S.C. § 1332(c)(1).

8.     Meijer is a citizen of Michigan, and no Defendant is a citizen of Michigan. Compl. ¶¶ 9-14.

9.     USF&G is a corporation organized under the laws of Connecticut, with its principal place of business in Connecticut.  Compl. ¶ 10.

10.    Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is a corporation organized under the laws of Pennsylvania, with its principal place of business in New York.  Compl. ¶ 11.

11.    Defendant Federal Insurance Company ("Federal") is a corporation organized under the laws of Indiana, with its principal place of business in New Jersey.  Compl. ¶ 12.

12.    Defendant The Ohio Casualty Insurance Company ("Ohio Casualty") is a corporation organized under the laws of New Hampshire, with its principal place of business in Massachusetts.  Compl. ¶ 13.

13.    Defendant American Guarantee & Liability Insurance Company ("AGLIC") is a corporation organized under the laws of New York, with its principal place of business in Illinois.  Compl. ¶ 14.

**B.     The Amount In Controversy Exceeds $75,000**

14.    A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds $75,000.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

15.    Meijer is allegedly a Midwestern retail supercenter chain that operates more than 40 stores in Ohio.  Compl. ¶¶ 1, 9.  In the Complaint, Meijer alleges that defendants in similar Underlying Suits have settled them for billions of dollars.  *Id.* at ¶¶ 26-27.

16.     The amount in controversy in actions for declaratory judgment can be measured by "the value of the object of the litigation measured from the plaintiff's perspective." *Freeland v. Liberty Mut. Fire Ins. Co*., 632 F.3d 250, 253 (6th Cir. 2011) (in actions for declaratory relief, courts analyze the amount in controversy in terms of the "value of the consequences which may result from the litigation"). Here, Meijer seeks a declaratory judgment that it is entitled to insurance coverage from USF&G for defense costs in connection with the Underlying Suits and indemnification of its potential settlement up to the USF&G $1 million policy limit. *Id.* at ¶ 8. Meijer asserts that the USF&G Policy provides uncapped coverage for defense costs and indemnifies against covered losses up to a $1 million aggregate limit. *Id.* at 35. Those amounts exceed $75,000.

17.     Meijer further seeks a declaration that it is entitled to coverage from National Union, Federal, Ohio Casualty and AGLIC for defense costs in connection with the Underlying Suits and for indemnity up to each policy's applicable limits. *Id.* at ¶ 8. It is alleged that the National Union Policy provides coverage for covered losses up to $25 million (*Id.* at 109); the Federal Policy provides coverage for covered losses up to $50 million (*Id*. at 164); and the applicable policies issued by Ohio Casualty and AGLIC each provide coverage for covered losses up to $50 million (*Id*. at 173, 196).

18.     Accordingly, because Meijer's allegations demonstrate that it seeks more than $75,000 of insurance coverage under the policies issued by Defendants, the jurisdictional threshold is satisfied. *Lodal, Inc. v. Home Ins. Co. of Illinois*, 156 F.3d 1230 (6th Cir. 1998) ("risk" that the policyholder would have to pay up to the $200,000 self-insured retention in defense costs was sufficient to satisfy jurisdictional threshold even though, at the time of bringing the declaratory judgment action, policyholder had incurred less than $25,000 in

defending underlying litigation); *Wolfe v. Lincoln Gen. Ins. Co.*, No. C2-01-660, 2002 WL 484638, at \*2 (S.D. Ohio Mar. 18, 2002) (amount in controversy satisfied where policyholders sought declaration that claims were covered under insurer's policy because the policy provided $1 million in coverage).

      **C.    This Court Should Hear This Declaratory Judgment Action.**

19.    This Court has the authority to hear Meijer's claims for declaratory relief.  28 U.S.C. § 2201(a); *see Clifford v. Church Mutual Insurance Co.,* No. 2:13-CV-853, 2014 WL 4805473, at \*2-4 (S.D. Ohio Sept. 26, 2014); *Equity Planning Corp. v. Westfield Ins. Co.*, No. 1:20-CV- 01204, 2020 WL 5909806, at \*5-10 (N.D. Ohio Oct. 6, 2020).

20.    Deciding this action will settle the controversy and clarify the legal relations raised by the Complaint.

21.    Meijer filed the Complaint seeking declaratory relief, and there is no credible concern that the removal is motivated by procedural fencing or a race for *res judicata*.

22.    Because there is no parallel state court action in which the issues raised by the Complaint are being litigated, and adjudicating the claims here will involve the application of insurance policy language to the facts, a task that federal courts routinely perform, there is no risk that by hearing this case the Court would encroach on state court jurisdiction or increase friction between state and federal courts.

23.    There is not a better or more effective alternate remedy to litigating this action in federal court.

## II.    PROCEDURAL REQUIREMENTS

24.    Removal is timely pursuant to 28 U.S.C. § 1446(b) because USF&G filed this Notice of Removal within 30 days of being served with process.

5

25.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), defendants National Union, Federal, Ohio Casualty, and AGLIC have consented to the removal of this action and will each file a written consent accordingly.

26.     Pursuant to 28 U.S.C. § 1446(d), USF&G will promptly serve a copy of this Notice of Removal on counsel for Meijer and will file a copy of this Notice of Removal with the clerk of the state court.

## III.     RESERVATION OF DEFENSES

27.     As of the filing of this Notice of Removal, no further proceedings have been had in the state court action.

28.     Nothing in this Notice of Removal shall be interpreted as a relinquishment of any defendant's right to assert any defense or affirmative matter.

29.     USF&G reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, USF&G removes this action, pending in the Court of Common Pleas, Montgomery County, Ohio, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED:  July 6, 2021

/s/ *Anthony L. Osterlund*
Anthony L. Osterlund  (0071086)
David M. Edelstein  (0082092)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street | Suite 3500
Great American Tower
Cincinnati, Ohio 45202
Tel: (513) 723-4000
alosterlund@vorys.com
dmedelstein@vorys.com

Bryce L. Friedman (*pro hac vice application forthcoming*)
Joshua Polster (*pro hac vice application forthcoming*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
bfriedman@stblaw.com
joshua.polster@stblaw.com

*Attorneys for Defendant United States Fidelity & Guaranty Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 6, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that on July 6, 2021, the foregoing was also served to Plaintiff's counsel by U.S. Mail and to all parties by electronic mail as follows:

Matthew H. Rice
Sperling & Slater, P.C.
55 W. Monroe Street, Suite 3200
Chicago, Illinois 60603
Email: mrice@sperling-law.com

*Attorney for Meijer, Inc.*
*(also served by U.S. Mail)*

Christopher St. Jeanos
Willkie Farr & Gallagher LLP
cstjeanos@willkie.com

*Attorney for National Union Fire Insurance Company of Pittsburgh, PA*

Daniel M. Sullivan
Holwell Shuster & Goldberg LLP
dsullivan@hsgllp.com

*Attorney for Federal Insurance Company*

Robert A. Kole
Choate Hall & Stewart LLP
rkole@choate.com

*Attorney for The Ohio Casualty Insurance Company*

Karen M. Dixon
Skarzynski Marick & Black LLP
kdixon@skarzynski.com

*Attorney for American Guarantee & Liability Insurance Company*

/s/ *Anthony L. Osterlund*
Anthony L. Osterlund (0071086)